UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| IN RE  P0571136 (THOMAS ERHARDT)<br>IN RE  P0571457 (JUDITH KELLY)<br>IN RE  P0546853 (STEPHANIE ERIKSEN)<br>IN RE  P0546833 (FAITH GROESBECK)<br>IN RE  P0571171 (ARIEL VEGOSEN)<br>IN RE  P0546784 (PHILIP RUNKEL)<br>IN RE P0571354 (MARY PARKER)<br>IN RE  P0546877 (MARY FRANCIS)<br>IN RE  P0546969 (JANINE ALLWINE)<br>IN RE  P0546969 (MOYA ATKINSON)<br>IN RE  P0546971 (CYNTHIA FARQUHAR)<br>IN RE  P0571212 (BETH ANN FRIEDLAN)<br>IN RE  P0546973 (JEANNE OLSON) |

06-085M

(DAR)



**FILED**

FEB 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM

On January 19, 2006, the trial in the above-captioned consolidated matters concluded. At the time the undersigned heard closing arguments, the undersigned already had denied both the motion for judgment of acquittal and the renewed motion for judgment of acquittal for the reasons set forth on the record.

During his closing argument, the attorney advisor who assisted the individuals other than the one who had retained counsel, cited, for the first time in these proceedings, an Act of the Council of the District of Columbia known as the "First Amendment Assemblies Act of 2004" (hereinafter "the Act"). See D.C. Code §§ 5-331.01-.17 (2005). The attorney advisor argued that

In Re P0571136, et al.                                                                                                               2

the Act required that in order for the individuals to be found guilty, the government must show that "some other regulation"--and not simply one which prohibits unlawful assemblies--was violated. Counsel for the government maintained that the Act "is directed to the [Metropolitan Police Department]," and that "there is no evidence that MPD had jurisdiction in any area relevant to this case." The attorney advisor, with no citation of authority, maintained that MPD and the United States Park Police have concurrent jurisdiction. Because the undersigned had not previously read the Act, the undersigned took the parties' arguments under advisement. The undersigned also informed the parties that the ruling would be set forth in a memorandum, a copy of which would be mailed to each individual, and that any judgment would follow.[1]

The undersigned has now completed the review of the Act, and of the balance of the parties' closing arguments. With respect to all arguments other than those regarding the Act, the undersigned's findings are the same as those articulated by the magistrate judges who conducted trials in these consolidated cases in November and December, 2005.

With respect to the "First Amendment Assemblies Act of 2004[,]" the undersigned finds that the Act, by its terms, governs the conduct of the Metropolitan Police Department, including MPD's Chief of Police, and the Mayor of the District of Columbia. See, e.g., B. 968, 2003 Council., 15th Sess. (D.C. 2003) (intent of the Council is, inter alia, "to require the Metropolitan Police Department ("MPD") to recognize and implement District poicies regarding First

---

[1] The undersigned devised this mechanism in order to ensure that the individuals–many of whom travel outside the communities in which they reside-- would have additional notice of any adverse judgment in a manner which would allow anyone who wanted to file a notice of appeal to do so in a timely manner.

In Re P0571136, et al.                                                                                                    3

Amendment assemblies, to require the Mayor to issue regulations governing the issuance of approved plans for First Amendment assemblies, . . . to require the Chief of Police . . . to require appropriate training for MPD personnel who handle First Amendment Assemblies[.]").

The individuals who received citations did not dispute that they gathered on the south sidewalk of Pennsylvania Avenue, N.W., in front of the White House; nor do they dispute that activity on that sidewalk is governed by 36 C.F.R. 7.96, which provides, in pertinent part, that, "[t]his section applies to all park areas administered by Nation Capital Region in the District of Columbia . . . and to other federal reservations in the environs of the District of Columbia[.]" 36 C.F.R. 7.96(a). The undersigned finds that no provision of the Act provides authority for the assertion that MPD and the United States Park Police have concurrent jurisdiction over the sidewalk on the south side of Pennsylvania Avenue, N.W., in front of the White House.

For these reasons, the undersigned finds that the Act simply does not apply to the enforcement by the United States Park Police of 36 C.F.R. 7.96(g)(2) on the sidewalk in front of the White House. Moreover, the undersigned knows of no authority which holds that the MPD and the United States Park Police have concurrent jurisdiction over the sidewalk in front of the White House.

Having considered all of the evidence offered during the trial, as well as the closing arguments of counsel for the government, the attorney advisor, counsel of record for one of the individuals, and the individual who addressed the court on her own behalf and on behalf of the other individuals, the undersigned finds that the government carried its burden to show beyond a reasonable doubt that each individual who proceeded to trial commencing on January 18, 2006 violated 36 C.F.R. 7.96(g)(2). A judgment consistent with the findings set forth in the instant

In Re P0571136, et al.

4

memorandum will follow.

/s/
_____
DEBORAH A. ROBINSON
United States Magistrate Judge

February 14, 2006
   DATE